**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEUMONT UNIVERSITY, LLC, et al, ) <br> ) <br> Plaintiff,   ) <br> ) <br> vs.                                 ) <br> ) <br> LITTLE BIZZY, LLC, et al.,      ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-01395-GMN-PAL <br><br> **ORDER** |

This matter is before the court on Defendants Little Bizzy, LLC's ("Little Bizzy") and Jesse Nickles' ("Nickles") Response (Dkt. #30) to the court's Order to Show Cause (Dkt. #29) filed January 2, 2013. The court has considered Defendants' Response and Plaintiff Neumont University, LLC's ("Neumont") Reply (Dkt. #32) and Exhibit (Dkt. #33), both filed January 9, 2013.

On November 7, 2012, the court entered an Order (Dkt. #25) directing Little Bizzy to retain counsel no later than December 5, 2012, because a corporation cannot appear except through counsel. *See generally Roland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *United States v. High County Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993). On December 4, 2012, Defendants filed a Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Dkt. #27), requesting the court vacate its Order requiring Little Bizzy to retain counsel pending a ruling on the Motion to Dismiss (Dkt. #17). The court entered an Order and Order to Show Cause (Dkt. #29) denying the Motion to Stay and ordering Little Bizzy to show cause by December 31, 2012, why its responsive pleading should not be stricken and default judgment entered against it for failure to defend and failure to comply with the court's order to retain and designate counsel of record. *See* Order to Show Cause (Dkt. #29) at 3.

Defendants' Response to the Order to Show Cause represents that Nickles is the only managing member of Little Bizzy, resides outside of the United States and has "extremely limited access" to a

telephone. Additionally, the holiday season affected Little Bizzy's ability to retain counsel, and the Response contends that "an extension past the busy holiday season may eventually yield counsel willing to represent" Little Bizzy. Response at 2. Defendants also contend the court has not ruled on their request to amend their responsive pleading.

Neumont's Reply asserts that Little Bizzy was ordered to retain counsel on November 7, 2012, "long before the holiday season began." Reply at 2:13. Additionally, Neumont contends Defendants could have used the internet and email to retain counsel if telephone access was unavailable to Nickles. Neumont argues Defendants' Response is merely a delay tactic. Although Defendants have been unable to comply with court Orders, Neumont asserts Nickles has been able to write and disseminate a series of articles on the internet that "harass and defame Neumont." Reply at 3:7. Thus, Little Bizzy should be required to retain counsel.

Defendants assert the court has not ruled on their request to amend their responsive pleading. This has no bearing on Little Bizzy's failure to retain counsel as required by controlling Ninth Circuit authority and this court's Orders. Moreover, there is no motion for leave to amend on file. Defendants' prior request to amend the complaint in the Motion to Stay (Dkt # 27) and in response to denial of the motion to stay and the Order to Show Cause is not a motion to amend. Additionally, Defendants have not complied with Local Rule of Civil Procedure 15-1 which requires a party seeking leave to amend a pleading to attach the proposed amended pleading to the motion for leave to amend. *See* LR 15-1. The court cannot evaluate the propriety of a proposed amended responsive pleading without seeing it. If and when Defendants file an appropriate motion for leave to amend their responsive pleading that complies with LR 15-1, the district judge will consider it.

On November 7, 2012, Little Bizzy was ordered to retain counsel by December 5, 2012. When it failed to comply, the court denied its Motion to Stay, and gave it until December 31, 2012, to retain counsel or suffer sanctions. The district judge granted Plaintiff's request for a settlement conference and referred the matter to the undersigned to set one. A settlement conference is scheduled on February 7, 2013. Little Bizzy may not appear at that court ordered conference except through counsel. Its failure to retain counsel as ordered has unnecessarily multiplied proceedings in this case and threatens to disrupt the court's schedule. As Mr. Nickles represents he has contacted twenty-three different law

firms and legal aid organizations in the Las Vegas area in a good faith effort to find counsel, the court will grant Little Bizzy one **final** opportunity to retain counsel.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Little Bizzy shall retain counsel who shall file a notice of appearance in accordance with the Local Rules of Practice no later than **January 28, 2013.**
2. Failure to comply with this order will result in a recommendation to the district judge that Little Bizzy's responsive pleading be stricken and default judgment be entered against it for failure to retain counsel and failure to comply with multiple orders of the court.

Dated this 10th day of January, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE