# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEUMONT UNIVERSITY, LLC, et al,<br><br>                           Plaintiff,<br>vs.<br><br>LITTLE BIZZY, LLC, et al.,<br><br>                           Defendants. | Case No. 2:12-cv-01395-GMN-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION** |

This matter is before the court on Defendant Little Bizzy, LLC's ("Little Bizzy") failure to comply with the court's Orders (Dkt. ##25, 34) and Order to Show Cause (Dkt. #29) directing Little Bizzy to retain counsel.

On November 1, 2012, the district judge entered an Order (Dkt. #22) granting Plaintiff's Motion for Settlement Conference (Dkt. #21) and referring this matter to the undersigned to conduct a settlement conference. The court scheduled a settlement conference for February 7, 2013. *See* Order (Dkt. #23).

On November 7, 2012, the court entered an Order (Dkt. #25) directing Little Bizzy to retain counsel no later than December 5, 2012, because a corporation cannot appear except through counsel. *See generally Roland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *United States v. High County Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993). The Order warned Little Bizzy that failure to comply could result in a recommendation to the district judge for sanctions, including case-dispositive sanctions. *See* Order (Dkt. #25) at 1:25-26.

On December 4, 2012, Defendants Little Bizzy and Jesse Nickles filed a Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Dkt. #27), and requesting that the court vacate its Order requiring Little Bizzy to retain counsel pending a ruling on the Motion to Dismiss (Dkt. #17).

The court entered an Order and Order to Show Cause (Dkt. #29) denying the Motion to Stay and ordering Little Bizzy to show cause by December 31, 2012, why its responsive pleading should not be stricken and default judgment entered against it for failure to defend and failure to comply with the court's Order to retain and designate counsel of record. *See* Order to Show Cause (Dkt. #29). The Order to Show Cause warned Little Bizzy that failure to show cause or retain counsel on or before December 31, 2012, would result in a recommendation to the district judge that Little Bizzy's responsive pleading be stricken and default judgment entered against it. *See* Order to Show Cause (Dkt. #29) at 3:12-14.

Little Bizzy responded to the Order to Show Cause on January 2, 2013, representing that co-Defendant Jesse Nickles is the only managing member of Little Bizzy, and he resides outside of the United States and has "extremely limited access" to a telephone. *See* Response (Dkt. #30). Mr Nickles indicated that he had contacted over 23 law firms and legal aid organizations in an unsuccessful effort to date to retain counsel. The Response also indicated that the holiday season affected Little Bizzy's ability to retain counsel and represented that "an extension past the busy holiday season may eventually yield counsel willing to represent" Little Bizzy. Response at 2.

On January 11, 2013, the court entered an Order allowing Little Bizzy one **final** opportunity to retain counsel. *See* Order (Dkt. #34) (emphasis in original). The Order indicated that Little Bizzy may not appear at the settlement conference except through counsel and warned Little Bizzy that failure to comply would result in a recommendation to the district judge that Little Bizzy's responsive pleading be stricken and default judgment be entered against it for failure to retain counsel and failure to comply with multiple Orders of the court. *Id.* at 3:7-10. Defendants responded to the Order on January 28, 2013. Mr Nickles thanked the court for prior extensions and represented that he had confirmed three Las Vegas firms were willing to represent Little Bizzy but would require retainers that exceed the cash, credit and assets under the control of Little Bizzy   Thus, Little Bizzy is unable to retain counsel. *See* Response (Dkt. #36). The response indicates that Little Bizzy will be forced to file bankruptcy if the court recommends default and maintains that Plaintiff's lawsuit is unjust and not well founded in fact or law. Mr Nickles further states that "to avoid the appearance of 'alter ego' actions in this case" as the managing member he is "now removing himself from further dealings with the Plaintiff's counsel and

this Court... unless further information is requested or ordered by the court."

Little Bizzy's has been given multiple opportunities since November 7, 2012, to retain counsel but has not done so. Little Bizzy now represents it cannot afford to retain counsel. Courts prefer to hear cases on their merits. However, a corporation cannot appear except through counsel. *See Roland,* 506 U.S. at 201-02; *High County,* 3 F.3d at 1245. Little Bizzy's failure to comply with the court's Orders has interfered with the court's ability to hear this case, unnecessarily multiplied these proceedings, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Little Bizzy has not complied with multiple court Orders and the Local Rules of Practice. Accordingly,

**IT IS RECOMMENDED** that Little Bizzy's Motion to Dismiss (Dkt. #17) be STRICKEN and default judgment be ENTERED against Defendant Little Bizzy, LLC.

Dated this 7th day of February, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.