**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NEUMONT UNIVERSITY, LLC,            )
                                    )
                Plaintiff,          )
        vs.                         )   Case No.: 2:12-cv-01395-GMN-PAL
                                    )
LITTLE BIZZY, LLC; and JESSE NICKLES,)   **ORDER**
                                    )
                Defendants.         )
                                    )

Before the Court is Plaintiff Neumont University, LLC's Motion for Preliminary Injunction (ECF No. 8). Also before the Court is Defendant Little Bizzy, LLC's ("Little Bizzy") Motion to Dismiss (ECF No. 17), for which United States Magistrate Judge Peggy A. Leen has submitted a Report and Recommendation (ECF No. 38). For the reasons discussed below, the Court accepts in full the Report and Recommendation, and will strike the Motion to Dismiss, enter default against Defendant Little Bizzy, and deny the Motion for Preliminary Injunction.

**I.    BACKGROUND**

On August 13, 2012, the Court denied Plaintiff's Motion for Temporary Restraining Order, finding that Plaintiff failed to meet its burden to show that an injunction should issue on an ex parte basis. (Min. Order, ECF No. 13.) The Court ordered Plaintiff to serve the Complaint, the Motion for Temporary Restraining Order, the Motion for Preliminary Injunction and the Minute Order upon Defendants Little Bizzy and Jesse Nickles. (*Id.*)

On August 21, 2012, Plaintiff filed a one-page notarized affidavit indicating service upon Mail Link, LLC, described as the resident agent for Little Bizzy. (ECF No. 14.) The affidavit indicates that the server left copies of the Summons, Complaint, Motion for Temporary Restraining Order, and Motion for Preliminary Injunction with Eric Ruecker, owner of Mail

Link, LLC. (*Id*.)

On August 28, 2012, Plaintiff filed a one-page non-notarized declaration by an investigator with a California company, Elite Investigations. (ECF No. 15.) The declaration indicated that the investigator attempted but was unable to serve Jesse Nickles. (*Id*.)

As of the date of this Order, Defendants have not filed an opposition to Plaintiff's Motion for Preliminary Injunction. However, on September 5, 2012, a Motion to Dismiss (ECF No. 17) pursuant to Federal Rule of Civil Procedure 12 was apparently filed by Jesse Nickles on behalf of Little Bizzy. The motion quotes Section 230 of the Communications Decency Act, Title V of the Telecommunications Act of 1996, 47 U.S.C. § 230, as a basis for dismissal. (Mot. to Dismiss, 3:13-28.) Plaintiff filed a Response (ECF No. 19) and a Supplement to its Motion for Preliminary Injunction (ECF No. 20), noting Little Bizzy's failure to obtain licensed counsel.

On November 7, 2012, Judge Leen ordered Little Bizzy, to retain counsel by December 5, 2012. (Order, ECF No. 25.) Little Bizzy, failed to do so, and Judge Leen ordered Little Bizzy to retain counsel by January 28, 2013. (Order, ECF No. 34.) On February 7, 2013, Judge Leen also held a settlement conference pursuant to Plaintiff's request, and neither Defendant appeared. (Mins. of Proceedings, ECF No. 37.) Accordingly, Judge Leen submitted a Report and Recommendation (ECF No. 38) recommending that Little Bizzy's Motion to Dismiss (ECF No. 17) be stricken and that default judgment be entered against Little Bizzy. (R&R, ECF No. 38.)

On February 25, 2013, a letter signed on February 22, 2013, by Defendants was filed, styled as "Updated Letter to the Court Documenting Ongoing Personal Slander and Criminal Accusations on Behalf of the Plaintiff." (ECF No. 40.) Plaintiff filed a "Response to Defendants' Objection to Findings and Recommendation" (ECF No. 39) the same day. It is not clear whether the "Updated Letter" filed by Defendants is an Objection to Judge Leen's Report and Recommendation, and it is not clear whether the "Response" filed by Plaintiff is a response to Defendants' "Updated Letter." However, in the interest of fairness and efficient administration

of justice, and since the deadline to object to the Report and Recommendation has passed, the Court construes the two filings as such to the extent possible.

## II.   DISCUSSION

Plaintiff Neumont University, LLC ("Neumont University"), describes itself as "a private university located in South Jordan, Utah that specializes in technology-oriented curriculums [sic]." (Compl., 3:6-7, ECF No. 1.)  Plaintiff alleges that Defendant Little Bizzy, LLC, and Defendant Jesse Nickles are alter egos, and that they own and operate the website located at <collegetimes.us> ("Collegetimes"), which provides a forum for reviews of Neumont University. (Compl., 4:1-2.)  Plaintiff's Complaint alleges "business disparagement, intentional interference with contractual relations, and intentional interference with prospective economic advantage" in connection with Defendants' operation of the Collegetimes website. (Compl., 1:22-23.)  Plaintiff's causes of action are: (1) business disparagement; (2) intentional interference with prospective economic advantage; and (3) intentional interference with prospective economic advantage. (Compl.)

Plaintiff's cause of action for business disparagement includes the following allegation:

> The false and inaccurate messages on the site are unprivileged because Defendants have become the content provider, including, but not limited to, Defendants' intentional efforts to commandeer the forum of speech by deleting all positive content and restricting further posting to the site, leading consumers to believe that students who attend Neumont only have negative experiences at the University, interjecting and developing a "Warning" label, and passing the forum off as a trustworthy source of information to consumers, when it is not.

(Compl., 8:¶44.)

### A.   Plaintiff's Motion for Preliminary Injunction

In its motion, Plaintiff requests that the Court order Defendants to "cease from publishing and disseminating false, defamatory statements and content regarding Neumont." (Mot. Prelim.

Inj., 17:6-7, ECF No. 8.)  A Court order enjoining "statements" is an extreme measure, implicating Constitutional rights to freedom of speech.  As discussed below, the Court does not find that Plaintiff has provided adequate justification for such an injunction, and will deny the motion.

### *1.   Legal Standard*

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

### *2.   Analysis*

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I.  The Court recognizes that this right is not absolute, but here Plaintiff has not provided sufficient justification to support the Court's issuance of an injunction based on its claims for (1) business disparagement; (2) intentional interference with prospective economic advantage; and (3) intentional interference with prospective economic

advantage.  Plaintiff has not made a clear showing that it is entitled to the extraordinary remedy of enjoining Defendants' statements through a preliminary injunction.

Plaintiff addresses the balance of equities and the public interest factors only very briefly in its motion.  In one page of argument, Plaintiff claims that should the Court order Defendants to take down the offending web pages, "Defendants will simply be barred from engaging in an activity that is designed solely to harm another, an activity in which they have no legal right to engage." (Mot. Prelim. Inj., 15:7-10, ECF No. 8.)  Plaintiff argues that websites like Defendants' "are an injustice to the targeted institution and a blight on the marketplace for the free exchange of legitimate speech and ideas." (*Id*. at 15:27-28 – 16:1.)  However, Plaintiff provides no authority for the proposition that Defendants' speech in such a context alleged by Plaintiff is outweighed by the Plaintiff's concerns regarding the damage to its reputation, much less that the balance of hardships tips sharply towards itself.  Nor does Plaintiff provide any authority for the proposition that the public interest favors granting injunctive relief in such a case.  Accordingly, the Court finds that Plaintiff has failed show that these elements have been met.

Although the Court finds that Plaintiff makes colorable arguments as to the likelihood of success on the merits and the likelihood of irreparable harm in the absence of injunctive relief, particularly in light of Defendants' failure to properly oppose the motion, these arguments are not sufficient to overcome the deficiencies discussed above.  Accordingly, the Court will deny the motion.

**B.   Little Bizzy's Motion to Dismiss and Judge Leen's Report and Recommendation**

In federal court a corporation may appear only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (citing *Rowland*). Pursuant to Federal Rule of Civil Procedure 55, when a party's failure to plead or otherwise

defend has been shown, the clerk must enter the party's default.  In the Report and Recommendation, Judge Leen documents the many opportunities given to Little Bizzy to cure its failure to obtain licensed counsel.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

The Court agrees with Judge Leen that Little Bizzy has provided no justification for its repeated failures to comply with orders of the Court for many months now.  Furthermore, the Court finds that sanctions less drastic than entry of default are unavailable and unjustified.  To the extent that the "Updated Letter" filed by Little Bizzy is an objection to Judge Leen's Report and Recommendation, the Court has considered the contents of the "Updated Letter" and finds no basis to reject the findings and recommendations in the Report and Recommendation.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 38) is **ACCEPTED** to the extent it is not inconsistent with this Order**.**

**IT IS FURTHER ORDERED** that Defendant Little Bizzy, LLC's Motion to Dismiss (ECF No. 17) is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk shall enter **DEFAULT against Defendant Little Bizzy, LLC.**

**DATED** this 15th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge