GORDON SILVER
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@gordonsilver.com
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Fax: (702) 369-2666
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEUMONT UNIVERSITY, LLC, a Delaware limited liability corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LITTLE BIZZY, LLC, a Nevada limited liability company; JESSE NICKLES, an individual,<br><br>Defendants. | Case No.: 2:12-cv-01395-JAD-PAL<br><br>**PLAINTIFF'S MOTION RE SERVICE AND/OR "APPEARANCE" BY DEFENDANT NICKLES' OR, IN THE ALTERNATIVE, DEEM ALTERNATIVE SERVICE EFFECTIVE AND ENTER DEFAULT JUDGMENT ACCORDINGLY** |

Plaintiff Neumont University, LLC ("Neumont"), through counsel, hereby responds to the May 20, 2014 (Doc. 62) entering default judgment against Defendant Little Bizzy ("Little Bizzy"), and moves this Court for an order to deem service effective or, in the alternative, deem alternative service of process effective as to Defendant Jesse Nickles ("Nickles") under Rule 4(f)(3) of the Federal Rules of Civil Procedure. In event the Court deems service to have been effective, Neumont requests the Court enter default judgment against Nickles concurrent with Little Bizzy accordingly. In the event the Court deems alternative service is necessary, Neumont seeks an order from this Court permitting service via publication pursuant to Nevada Rule of Civil Procedure 4(e)(1)(i).

This motion is supported by the following memorandum of points and authorities, by the accompanying Declaration of John L. Krieger, by the papers and pleadings on file in this action, and by any oral argument the Court may allow.

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

1 of 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Nickles is playing fast and loose with this Court and justice system.  Neither he nor his family will disclose his location.  He refused to communicate with Neumont and its counsel in any manner other than by way of email.  He has unnecessarily driven up the cost of litigation by refusing to obey the orders of this Court.  He "removed" himself from the case as soon as the Court indicated Neumont had viable causes of action against both Defendants.  Yet, he continues unabated in his cowardly and spurious activities from the anonymous world of the Internet. Neumont will be unreasonably and unfairly prejudiced if it is not able to obtain judgment against Nickles concomitant with the judgment entered against Little Bizzy on May 20, 2014.

Nickles has voluntarily "appeared" and participated in this lawsuit and, consenquently, default judgment should be entered against him individually, and joint and severally with Little Bizzy.  Although he was not served via process server due to the fact that his whereabouts are unknown (even to members of his own family), Nickles is the "alter ego" of Little Bizzy – service on Little Bizzy constitutes service on Nickles.  Moverover, he has filed a number of pleadings seeking affirmative relief from this Court, by which he has "appeared" and waived jurisdiction, acquiescing to the authority of this Court.  Furthermore, this Court believed it had jurisdiction over Nickles and issued several orders requiring his compliance.  Regardless, the Court has the authority to deem alternative service via email sufficient for purposes of Rule 4 service.  If, however, the Court concludes that service must be perfected by another means, Neumont seeks an order of this Court permitting it to serve Nickles by way of publication pursuant to Nevada Rule of Civil Procedure 4(e)(1)(i).

## II.    RELEVANT FACTS

*Nickles' Whereabouts*

Neumont does not have any specific knowledge or evidence of Nickles' actual location and/or residence.  In and around August 2012, Neumont's counsel used the services of an investigator and was only able to ascertain that Nickles had at one time had a California driver's license, but it was cancelled. (Krieger Decl. ¶ 2, Ex. 1.)  There was record that Nickles had

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

2 of 14

1  moved to Georgia, however, a review of records from Georgia revealed a last known address as
2  of 2010, which address had subsequently been occupied by different and unrelated people.  (*Id.*)
3  For all practical purposes, the only legitimate physical addresses where Nickles could have
4  possibly been "located" were (1) the address of Defendant Little Bizzy (the place of his
5  employment) on Rainbow Boulevard in Las Vegas, Nevada; and (2) the address of his parents in
6  Sherman Oaks, California.  (*Id.* ¶ 3; Compl. ¶ 7.)  Although, as the Court noted in its May 20,
7  2014 Order ("May 20 Order"), Nickles has made the representation to the Court that he
8  "continues to reside far outside the United States."  (Doc. 62 at 5 n.5 (citing Doc. 36 at 1).  *See*
9  *also* Doc. 35 at 6.)  Nickles would not disclose his location or take telephone calls at the Nevada
10 telephone number associated with Little Bizzy. (Krieger Decl. ¶ 6.)  In fact, Nickles represented
11 to the Court and Neumont's counsel that he had "extremely limited access to the telephone."
12 (Doc. 30 at 2; Doc. 26.)  Prior to the filing of the Complaint, Nickles would only communicate
13 with Neumont via his email address at jesse@littlebizzy.com.  (Krieger Decl. ¶ 7.  *See also* Doc.
14 45-1 ¶¶ 21-25.)

15 Nickles is the sole managing member of Little Bizzy and the principle actor in the
16 matters giving rise to the Complaint.  Little Bizzy and Nickles admit that Nickles commingled
17 funds, undercapitalized Little Bizzy, failed to observe corporate formalities, made unauthorized
18 diversions of funds, and treated the corporate assets of Little Bizzy as his own. (*See* Doc. 45 at
19 5; Doc. 45-10 at Reqs. Admis. Nos. 133-37.)  Neumont has alleged that Nickles personally
20 directed, controlled, ratified, participated in, and/or authorized the tortious activities described in
21 the Complaint.  Moreover, Neumont has alleged that Nickles and Little Bizzy are the alter ego of
22 the other, and are each the officer, agent, servant, representative, and/or employee of the other,
23 acting in participation with the other, having authority or apparent authority to bind the other.
24 (Doc. 1 ¶¶ 7-9.)

25 Neumont initiated this action on August 7, 2012.  (Doc. 1.)  Neumont sought to obtain a
26 temporary restraining order, but it was denied by the Court on August 13, 2014.  (Doc. 13.)
27 Shortly thereafter, Neumont attempted to serve Nickles via process server at his parents'
28 Sherman Oaks address on August 15 and 17, 2012, to which processer it was represented that

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

3 of 14

1 neither Nickles' mother or sister knew of his current whereabouts. (Doc. 15. *See also* Krieger Decl. ¶ 4.) In abundance of caution, on August 16, 2012, Neumont's counsel sent notice of this action, along with a litigation hold letter, the summonses, the complaint, the motions with exhibits, and the minute order, to both Nickles and Little Bizzy via e-mail addressed to jesse@littlebizzy.com and info@littlebizzy.com. (*See* Doc. 19-1 at Exs. F & G. *See also* Krieger Decl. ¶ 4, Ex. 2.)

On August 17 and 25, 2012, Nickles authored and sent emails to both Edward ("Ned") Levine, President and Chief Executive Officer of Neumont, and Neumont's counsel from his jesse@littlebizzy.com account, which emails were sent in response to the August 16, 2012 email notice. (Doc. 19-1 at Ex. H & I. *See also* Krieger Decl. ¶ 5.) In August 17 and 25 emails, Nickles' attempts to extort money from Neumont became even more overt notwithstanding the lawsuit. (*See* Doc. 16 at 3-5.)

On August 29, 2012, Neumont filed an emergency ex parte motion seeking an order to preserve evidence and Defendants' compliance with the litigation hold letter, based in part on Nickles' hubris that he could act with impunity. (Doc. 16.) On September 18, 2012, Magistrate Judge Leen denied Neumont's emergency request for an order seeking to preserve evidence on the basis that the Defendants, and both of them, were already before the Court and had obligations under the Federal Rules of Civil Procedure and applicable federal law to preserve evidence. (Doc. 18 at 2.)

On September 5, 2012, Little Bizzy and Nickles responded to the Complaint and filed a Motion to Dismiss claiming immunity pursuant to Section 230 of the Communications Decency Act. (Doc. 17.) The Court eventually denied the Defendants' motion on March 15, 2013.[1] (Doc. 41.) Interestingly, the Court indicated in its order that it had "conducted a preliminary review of Defendants' motion to dismiss and [was] not convinced that Plaintiff [would] be unable to state any claim for relief," indicating that Defendants' Section 230 immunity argument

---

[1] The fact that the Court struck the motion to dismiss from the pleadings may have also led to some confusion about the Nickles' presence before the Court. As is reflected in Neumont's request for default, Neumont was of the understanding that Nickles was also a party to the motion and, by having it struck, was still present before the Court and required to then file an answer pursuant to Fed. R. Civ. P. 12(a)(4)(a). (*See* Doc. 43.)

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

4 of 14

was not convincing. (*Id.* (emphasis added).) In fact, in several of its orders the Court referenced "Defendant<u>s</u>" and required "Defendant<u>s</u>" to do something. (Docs. 18, 23, 24, 29, 34, 37, 38 & 41.) Moreover, the Court recounted in the beginning of certain orders that Neumont was unable to serve Nickles, yet continued to address "Defendant<u>s</u>" without ever raising an issue of whether service had been perfected on Nickles, leading Neumont to believe that Nickles was properly before the Court. (*See, e.g.*, Doc. 18 at 1-2; Doc. 41 at 2.)

Neumont requested a Court-ordered settlement conference so as to give the parties an opportunity to find a mutually agreeable resolution to this matter before further resources were expended, which the Court granted and ordered <u>all</u> parties to attend the settlement conference. (Docs. 21 & 23.) The Court ordered all parties to appear, including individual parties, which included Nickles. (Doc. 23.) Notwithstanding Neumont's preparation of a Confidential Settlement Statement and appearance at the Settlement Conference, Defendants failed to submit a statement, and also failed to appear. Magistrate Judge Leen noted in her minutes that Nickles was "appearing pro se (representing himself)" and that he did not appear or submit a confidential statement as ordered. (Doc. 37.)

The Court also issued a scheduling order on November 5, 2012, establishing discovery deadlines, some of which expired prior to the scheduled settlement conference, thereby signaling that the parties were to move forward with discovery notwithstanding. (Doc. 24.) The parties attempted to conduct a Rule 26(f) conference, but Defendants refused to cooperate, communicate in person, or provide any input on the discovery plan, which resulted in Neumont having to file a unilateral discovery plan. (Doc. 26.) Again, Nickles insisted on only communicating via his email account at jesse@littlebizzy.com and refused to speak via telephone. (*Id.* at Ex. A. *See also* Krieger Decl. ¶ 10.)

On December 4, 2012, Defendants filed a Motion to Stay Discovery Pending Ruling on Motion to Dismiss, which included a request for leave to amend their pleading. (Doc. 27.) The Court, while referring to the motions as "Nickles' motion," denied the request on December 18, 2014. (*See* Doc. 29.)

As a result, Magistrate Judge Leen submitted a Report of Findings and Recommendation

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

5 of 14

to District Judge Navarro, recommending Defendants' Motion to Dismiss be stricken and default be entered against Little Bizzy. (Doc. 38.) Nickles and Little Bizzy sent a copy of an objection[2] to Magistrate Judge Leen's Recommendation to Neumont, to which Neumont filed a response urging the Court to adopt the Recommendation as to <u>both</u> Defendants, particularly given Nickles failure to proffer any explanation as to why he personally did not comply with the Court's orders while representing himself in his individual capacity. (Doc. 39 at 2-3. *See also* Krieger Decl. ¶ 11.) Although the Court subsequently denied Neumont's Motion for Preliminary Injunction, it accepted in full Magistrate Leen's recommendations, and again made no comment about "service" on Nickles or attempt to disabuse Neumont and/or Magistrate Judge Leen of their understanding that Nickles had "appeared" representing himself on a pro se basis. (Doc. 41.)

As Defendants' Motion to Dismiss was stricken, and default entered against Little Bizzy, both Neumont and Magistrate Judge Leen believed Nickles had "appeared," was representing himself, and was obligated to answer the Complaint by March 29, 2013. Fed. R. Civ. P. 12(a)(4)(A). (Krieger Decl. ¶ 12.) Nickles failed to answer or request an extension to answer the Complaint. Thus, default was requested and entered against Nickles on April 23, 2013. (Docs. 43 & 44.)

On May 20, 2014, this Court entered an order granting default judgment against Little Bizzy in Neumont's favor, but indicated for the first time that service on Nickles had not been perfected, which in turn, meant the Court had no jurisdiction over him. (Doc. 62 at 4-7.) The Court has granted Neumont 60 days in which to serve Nickles or show good cause why the service cannot be effectuated and request an alternative method of service, which is the basis for Neumont's present filing. (*Id.*)

///

///

///

---

[2] Neumont received Defendants' objection on February 20, 2013. (Krieger Decl ¶ 11, Ex. 3.) The certificate of service indicated a copy had been sent to the Court for filing. (*Id.*) Neumont had no reason to believe the Court did not receive the copy until Judge Navarro issued her order on March 15, 2013 indicating a question to what pleading Neumont was "responding." (Doc. 41 at 2-3.)

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

### III. LEGAL ARGUMENT

#### A. Nickles Is Already Properly Before the Court

##### 1. Little Bizzy Is the Alter Ego of Nickles

Little Bizzy is the "alter ego" of Nickles and service upon Little Bizzy constitutes service on Nickles. The Ninth Circuit has held that in personam jurisdiction can be obtained over an individual where service was properly made on the corporation of which the individual was the sole owner and principal actor, i.e., the corporation was the individual's alter ego. *Certified Building Products, Inc. v. Nat'l Labor Relations Board*, 528 F.2d 968 (9th Cir. 1976). Although *Certified Building Products* was a labor-related matter, courts have relied upon the holding and similarly held service upon the "alter ego" corporation is sufficient service upon the individual. *See Ado Finance, AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 715-16 (C.D. Cal. 1996) ("[S]ervice upon corporation, which was alter ego of named individual, was equivalent of services upon individual, and thus in personam jurisdiction was obtained of individual) (citing *Certified Bldg. Products, Inc.*, 528 F.2d at 969). *See also j2 Global, Inc. v. Fax87.com*, 2014 WL 462832, at *8-9 (C.D. Cal. Feb. 5, 2014) (unpublished) (citing *Certified Bldg. Products, Inc.*, 528 F.2d at 969) ("[s]ervice on a defendant's alter ego may constitute service on defendant himself.").

Here, Neumont has alleged "alter ego," and, in fact, Little Bizzy <u>admits</u> facts sufficient to sustain "alter ego" liability. Neumont has alleged that Nickles personally directed, controlled, ratified, participated in, and/or authorized the tortious activities described in the Complaint. (Doc. 1 ¶ 7.) Moreover, Neumont has alleged that Nickles and Little Bizzy are the alter ego of the other, and are each the officer, agent, servant, representative, and/or employee of the other, acting in participation with the other, having authority or apparent authority to bind the other. (Doc. 1 ¶¶ 8-9.) Nickles <u>admits</u> he is the sole managing member of Little Bizzy and the principle actor in the matters giving rise to the Complaint. Little Bizzy and Nickles <u>admit</u> that he commingled funds, undercapitalized it, failed to observe corporate formalities, made unauthorized diversions of funds, and treated the corporate assets of Little Bizzy as his own. (*See* Doc. 45 at 5; Doc. 45-10 at Reqs. Admis. Nos. 133-37.) As such, Nickles is the "alter ego"

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

7 of 14

of Little Bizzy and the service on Little Bizzy should constitute service on Nickles.

### 2. Nickles Waived His Jurisdictional Objection

A defendant may waive a defense of insufficiency of process by failing to assert it seasonably in a motion or its first responsive pleading. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). That defense, like other affirmative defenses detailed in Rule 12(h)(1), may be waived either by a party's filings or by a party's conduct. *Read v. Moe*, 899 F.Supp.2d 1024, 1028-29 (9th Cir. 2012). A party need not actually file an answer or motion to make an appearance for purposes of Rule 12(h). *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998). An "appearance may arise by implication from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceeding recognizing the case in court." *Cactus Pipe & Supple v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir. 1985) (quoting 6 C.J.S. Appearances § 18 at 22 (1975)). More simply, where a defendant participates in litigation or leads a plaintiff to believe that service is adequate and that no such defense will be interposed, courts have found that the defense of insufficiency of process is waived. 2-12 Moore's Fed. Practice – Civil § 12.33 (3d ed. 1993); *See Broadcast Music, Inc. v. M.T.S. Enter. Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (conduct of counsel may rise to level of voluntary appearance resulting in waiver of defense of insufficiency of service); *see, e.g.*, *Wright v. Interbank Capital*, 1999 WL 354516, at * 8-9 (N.D. Cal. May 19, 1999) (defendant's active participation on the litigation amounted to an appearance for Rule 12(h), and thus precluded defendant from later asserting its defense of insufficiency of process). Indeed, under the Nevada Rules of Civil Procedure, a "voluntary appearance of the defendant shall be equivalent to personal service of process upon the defendant in this State." N.R.C.P. 4(f).

In the present matter, Nickles "appeared" and led Neumont to believe he was participating in the litigation in his individual capacity, *inter alia*, the litigation, discovery conferences, motion practice, and even settlement discussions. Starting in July 2012 (a month before the Complaint was filed) and continuing over six (6) months into the case, Nickles personally participated in litigation. During that time, Nickles, on behalf of himself and his

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

company, Little Bizzy, LLC, "appeared" and filed the following: a Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Doc 27); a Response, i.e., a request for reconsideration, to Court's Order Denying Motion to Stay, along with a Reply in support of the same (Doc. 30, 35); motions, e.g., letters, to the Court affirmatively asserting his own defamatory claims against plaintiff (Doc. 36, 40); requests to extend this Court's Order to Retain Corporate Counsel (Doc. 36); and sent an objection to the Magistrate Judge's Findings and Recommendations (Krieger Decl. ¶ 11, Ex. 3). In fact, even the Court, believing Nickles had appeared in the matter and on behalf of himself, filed an Order to Show Cause effective as to both Little Bizzy and Jesse Nickles. (Doc. 34). Magistrate Judge Leen noted in her minutes that Nickles was "appearing pro se (representing himself)" and that he failed to appear or submit a confidential statement for the Court-ordered Settlement Conference. (Doc. 37.) In addition, Nickles participated in the parties' Rule 26 conference on behalf of himself and his company, and even engaged Neumont in settlement discussions using his personal email (jesse@littlebizzy.com) as opposed to Little Bizzy's email (info@littlebizzy.com). (Krieger Decl. ¶¶ 7, 10)

By way of the numerous filings and active participation in this litigation for over six (6) months, Nickles has waived his defense of insufficiency of process – Neumont was led to believe that Nickles had "appeared" and that no such defense would be interposed. Nickles' deliberative and active litigation of this matter forfeits his right to a Rule 12(b)(5) defense. *See Broadcast Music, Inc.*, 811 F.2d at 281 ("The Federal Rules do not in any way suggest that a defendant may halfway appear in a case [and] pull failure of services out of the hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would lead plaintiffs to waste of time, money, and judicial resources pursuing a cause of action.").

**B.     E-mail Service Is an Internationally Agreed-upon Means Reasonably Calculated to Provide Notice and Fulfill the Requirements of Service Under Fed. R. Civ. P. 4.**

To the extent the Court deems Nickles' filings and activity in this case insufficient to constitute an "appearance," Neumont seeks an order from this Court deeming the August 16, 2012 email notice effective "service" under Rule 4 given Nickles' representation and admission

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

9 of 14

that he lives "outside the United States."³ (*See* Doc. 35 at 6; Doc. 36 at 1.)

It is a fundamental requirement of due process that Defendants be given notice reasonably calculated under all the circumstances to apprise them of the pendency of an action and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). "But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied." *Id.* at 314-315. "The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals." *Id.* at 315 (emphasis added).

The Ninth Circuit in *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), determined that service by e-mail may be an appropriate form of service under Rule 4(f) where a defendant is in a foreign country.

> If any method of communication is reasonably calculated to provide [a defendant] with notice, surely it is email -the method of communication which [the defendant] utilizes and prefers. . . . Indeed, when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process. Certainly in this case, it was a means reasonably calculated to apprise [the defendant] of the pendency of the lawsuit, and the Constitution requires nothing more.

Rio Props., 284 F.3d at 1018. This Court has consistently recognized and permitted an email notice to be retroactively deemed alternative "service" for purposes of Rule 4 in cases where the only means of contacting the defendant is via email. *See Majestic Star Casino, LLC v. Hambledon N.V., et al.*, Case No. 2:10-cv-01974-GMN-RJJ (Doc. 22); *Zuffa, LLC v. Wallace*, Case No. 2:10-cv-01756-KJD-GWF (Doc. 21); *MGM MIRAGE v. Lei, et al.*, Case No. 2:10-cv-

---

³ Neumont originally alleged Nickles was either in Nevada or California. (Compl. ¶¶ 3 & 7.) However, during the course of litigation, Nickles filed two pleadings admitting he resided outside the United States (but fails to identify a country of residence). (Doc. 35 at 6; Doc. 36 at 1.) To the extent the Court only considers the allegations in the Complaint on default judgment, Neumont asks the Court to conform the pleading to the evidence and "amend" the Complaint to incorporate Nickles' admission in connection with the judgment. "It is well-settled that the amendment of pleadings to conform to proof under Rule 15(b) of the Federal Rules of Civil Procedure rests in the sound discretion of the trial court." *Cole v. Layrite Products Co.,* 439 F.2d 958 (9th Cir.1971) (citations omitted), *quoted with approval* in *Gonzales v. United States,* 589 F.2d 465 (9th Cir.1979); *Save Lake Washington v. Frank,* 641 F.2d 1330 (9th Cir.1981). Leave to amend is to be freely given "when justice so requires," FRCP 15(a); *Stiles v. Gove,* 345 F.2d 991 (9th Cir.1975), and refusal to grant leave to amend without any justifying reason is an abuse of the trial court's discretion. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

///

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

00074-KJD-RJJ (Doc. 18); *MGM Mirage Operations, Inc. v. Keinan, et al.*, Case No. 2:09-cv-00723-LDG-LRL (Doc. 15); *3700 Associates, LLC. v. Inter Wires, Inc.*, Case No. 2:07-cv-01460-PMP-GWF (Doc. 21); *MGM Mirage Operations, Inc. v. Cook*, Case No. 2:07-cv-00549-KJD-RJJ (Docs. 14 &15).

Here, the August 16, 2014 e-mail notice should be deemed alternative "service" for the purpose of Rule 4 because it is reasonably calculated to provide actual notice to Nickles in the instant action.[4]  As stated above, Nickles maintains that he resides outside the United States, but failed to identify any country of residence.  It is unquestionable that the ONLY means of communicating with and contacting Nickles is by way of his personal email at jesse@littlebizzy.com.  He refuses to take phone calls under the auspices that he had "extremely limited access" to a telephone, despite having a Nevada telephone number.  (Krieger Decl. ¶ 6.)  Moreover, members of his family have emphatically stated they do not know of Nickles whereabouts. (Doc. 15.)  Email service is therefore "reasonably calculated" to apprise Nickles of the pendency of the lawsuit and satisfies the demands of Due Process.

**C.    In the Alternative, Neumont Requests an Order from This Court Permitting Service via Publication Pursuant to N.R.C.P. 4(f).**

In the alternative, should the Court conclude Nickles is not already before the Court due to service on his "alter ego" Little Bizzy or his "appearance" in the case, or that August 16, 2014 email notice may not be deemed effective alternative "service" under Fed. R. Civ. P. 4(f)(3),

---

[4]  For example. the United States has agreed to use e-mail service for disputes regarding Internet domain names. The United States government established the Internet Corporation for Assigned Names and Numbers ("ICANN") in 1998, in part, to address the problems created by domain name registrations. ICANN, in turn, adopted the Uniform Dispute Resolution Policy ("UDRP"), which now governs all those who register domain names. The UDRP specifically requires any complainant to submit a copy of the complaint to the respondent via postal courier and e-mail, a means reasonably calculated to provide notice to the respondent. (Krieger Decl. ¶ 15.)  A major entity that arbitrates disputes arising under the UDRP is the World Intellectual Property Organization ("WIPO"), an international committee of the United Nations—an organization to which nations must petition to become a member state. In domain name disputes, WIPO institutes and administers UDRP proceedings in accord with ICANN rules. In fact, WIPO's Filing Guidelines for domain name dispute complaints also require a complainant to effectuate service by electronic mail or registered mail. Even domain name disputes arising between parties of the same member nation are subject to WIPO Guidelines. (Krieger Decl. ¶ 16.)  In other words, e-mail service is an internationally agreed-upon means of service.

  Although it did not allege a claim for cybersquatting, Neumont consistently sought throughout the case to have the <collegetimes.us> and <collegetimes.tv> domain names placed on a registrar hold and/or transferred to Neumont should Defendants fail to comply with the Court's orders.  (*See* Docs. 16; 45 at 45-22; & 61.)

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

11 of 14

1  Neumont seeks an order of this Court permitting service via publication. Based upon the
2  affidavit of the process server (Doc. 15), as well as the declaration of John L. Krieger attached
3  hereto, Nickles cannot be "found" in the State of the Nevada. Nickles' family does not know of
4  his current whereabouts; Nickles refuses to speak via telephone and will only communicate via
5  his personal email (jesse@littlebizzy.com); Neumont's investigator was only able to find
6  evidence of a cancelled California driver's license and an outdated record of a possible move to
7  Georgia. (Krieger Decl. ¶14.) By his own admission, Nickles claims to live "outside the United
8  States." As such, he cannot be "found" in Nevada. Moreover, Nickles is a necessary and proper
9  party to the action, particularly given the allegations of "alter ego" in the Complaint seeking joint
10  and several liablity as to both Defendants. (*See* Doc. 1 ¶¶ 7-9. *See also* Doc. 45-10 (Reqs.
11  Admis.) at Nos. 133-37.)

12  Neumont alternatively requests the Court issue an order directing service of the summons
13  be made by way of publication pursuant to Nevada Rule of Civil Procedure 4(e)(1)(i) & (iii).

14  **IV.   CONCLUSION**

15  Based on the foregoing points and authorities, Neumont respectfully requests this Court
16  enter an order either (1) deeming service upon Little Bizzy the equivalent of service upon
17  Nickles as he is the "alter ego"; (2) deeming Nickles' appearance in this case sufficient to waive
18  an objection to personal jurisdiction and service of process; or (3) deeming email notice
19  sufficient for service under Fed. R. Civ. P. 4(f)(3). Should the Court deem service to have been
20  effective, Neumont hereby requests the Court enter default judgment against Nickles concurrent
21  with Little Bizzy, joint and severally, accordingly.

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

12 of 14

1  In the event the Court concludes alternative service is necessary, Neumont seeks an order
2  from this Court permitting service via publication.  Otherwise, Neumont will be unreasonably
3  and unfairly prejudiced.
4  DATED this 17th day of July, 2014.

GORDON SILVER

*/s/ John L. Krieger*
JOHN L. KRIEGER
Nevada Bar No. 6023
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada  89169
Telephone:  (702) 796-5555
*Attorneys for Plaintiff*

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

13 of 14

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby further certify that on the 17th day of July 2014, I caused a true and correct copy of **PLAINTIFF'S MOTION RE SERVICE AND/OR "APPEARANCE" BY DEFENDANT NICKLES' OR, IN THE ALTERNATIVE, DEEM ALTERNATIVE SERVICE EFFECTIVE AND ENTER DEFAULT JUDGMENT ACCORDINGLY**, to be served via first-class, United States mail, with a courtesy copy via e-mail, upon the following non-CM/ECF participants:

> Little Bizzy, LLC
> Jesse Nickles
> c/o Registered Agent
> Mail Link LLC
> 848 N. Rainbow Blvd. #4064
> Las Vegas, NV  89107
>
> info@littlebizzy.com
> jesse@littlebizzy.com

                                        */s/ Kathryn Koehm*
                                        An Employee of Gordon Silver

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104709-001/2358518.doc

14 of 14